CAMPBELL v. WAYNE BUILDING LOAN & ACCUMULATING FUND ASS'N.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. BUILDING AND LOAN ASSOCIATIONS—CERTIFICATES—COLLECTION—EVIDENCE.
    In an action for the collection of certificates of a building and loan association issued under Laws 1851, c. 122, § 5, permitting such associations to borrow money for temporary purposes, evidence of the amount paid by plaintiff on the purchase of the certificates, and as to the circumstances under which the purchases were made, is inadmissible.

2. EVIDENCE—COMPETENCY.
    Questions asked calling for the opinions and conclusions of witnesses, instead of the facts within their knowledge, are properly excluded.

Appeal from trial term, Kings county.

Action by Philip A. Campbell against the Wayne Building, Loan & Accumulating Fund Association for the collection of certain certificates issued by defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Ralston Flemming, for appellant.
J. Stewart Ross, for respondent.

HIRSCHBERG, J. The action is for the collection of four certificates issued by the defendant, and assigned to the plaintiff by the respective payees named in the certificates. Each certificate recites that it is issued for money advanced to the defendant by the payee, which money has been received and accepted by said defendant, and which sum, with interest, the defendant promises to repay to the payee, or his or her assigns, upon presentation of the certificate. There are certain restrictions printed upon the back of the certificates, but none of them appears material in the disposition of the case. The certificates appear to have been originally printed to read to the effect that the money advanced had been received and accepted "in pursuance of and for the purpose named in section 4 of chapter 122 of the Laws of 1851," being the act for the incorporation of building, mutual loan, and accumulating fund associations. In two of the certificates the defendant claimed upon the trial that the figure 4 had been changed to the figure 5; but whether this is true, and, if true, when and by whom the change was made, does not appear.

In the complaint it is alleged in the second paragraph of each of the four causes of action that the certificates were issued for money advanced under section 5 of the act, and the amended answer admits the making and issuing of the certificates mentioned in said paragraphs, and does not expressly deny that they were issued under, or for moneys advanced under, section 5 of the act. Section 4 of the act relates to calls upon stock, and section 5 to borrowing money. No proof was made or offered as to the circumstances attending the issue of the certificates in question, or tending in any way to show, independently of the recitals in the certificates, whether they were issued to stockholders on the receipt of money subscribed in accordance with the articles of association, or whether they were issued for money borrowed. In view of the condition of the pleadings, and the absence of proof contradicting the statement in the certificates that they were issued for money advanced by the payee, we think the learned trial justice was right in treating them as obligations created by and in consequence of a loan of money, and in directing a judgment for the plaintiff. In this view the evidence offered by the defendant for the purpose of showing the amount paid by the plaintiff on the purchase of the certificates was properly excluded, as was also the evidence designed to show the circumstances under which the purchases were made. The defendant sought to prove by its bookkeeper and its secretary that there were no funds in the possession of the defendant applicable to the payment of these certificates. This evidence was properly excluded, the questions all calling for the opinions and conclusions of the witnesses, instead of for the facts within their personal knowledge.

The judgment and order should be affirmed, with costs. All concur.